**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**WALTER L. MCINTOSH and**
**DANIEL W. DUMONT,**

                        **Plaintiffs,**

        v.                                  **3:10-cv-886**

**MORGAN & STANLEY, et al.,**

                        **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

        Plaintiffs commenced the instant action against Defendants arising out of the alleged mishandling of certain financial accounts. By orders dated November 19, 2010, the Court granted Defendants' motions to stay this matter and compel arbitration. Defendants now move to dismiss this action pursuant to Fed. R. Civ. P. 41(b) because Plaintiffs failed to commence an arbitration proceeding or otherwise prosecute this matter.

        The instant motion was filed on January 10, 2013 and made returnable on the Court's February 11, 2013 motion calendar. Accordingly, opposition papers were due on or before January 25, 2013. Plaintiff Daniel Dumont advised that Co-Plaintiff Walter McIntosh passed away on January 4, 2013 and requested an adjournment. The Court granted an adjournment and placed the matter on the Court's March 11, 2013 motion calendar. Opposition papers were due on February 22, 2013. Thereafter, Mr. Dumont filed a request for another continuance on the grounds that: (1) he has to keep up with the probate court

procedures; (2) he just learned that the Supreme Court dismissed his petition for a writ of certiorari; and (3) he "need[s] a reasonable opportunity to try the case upon its merits." The Court denied this request. No opposition papers have been filed.

In considering a failure to prosecute under Rule 41(b), the Court considers five non-exclusive factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration;
>
> (2) plaintiff was given notice that further delay would result in dismissal;
>
> (3) defendant was likely to be prejudiced by further delay;
>
> (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and
>
> (5) the trial court adequately assessed the efficacy of lesser sanctions.

Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009). No single factor is dispositive. "Although pro se litigants must be afforded a certain amount of latitude, they are still required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience." Yadav v. Brookhaven Nat. Lab., 487 F. App'x 671 (2d Cir. 2012) (citing Caidor v. Onondaga Cnty., 517 F.3d 601, 605 (2d Cir. 2008)).

### a. Whether the Failure to Prosecute Has Caused a Delay of Significant Duration

The Court stayed this matter and granted the motion to compel arbitration in November 2010. There is no indication that, since that time, Plaintiffs have done anything to meaningfully prosecute this matter. Although Plaintiffs did appeal this Court's order and filed a petition for a writ of certiorari to the United States Supreme Court, they have done nothing since that time. Similarly, Plaintiffs have not pursued arbitration. In this District, the failure to

take action for four months is "presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a). The Court finds this delay to be significant. Accordingly, this factor warrants dismissal.

### b. Prejudice to Defendants

The next factor consider the prejudice to Defendants. Defendants contend that the existence of this litigation has been reported on securities industry registration records since July 2010 and they should be entitled to some sense of closure on this matter. Moreover, the Court notes that prejudice to Defendants resulting from unreasonable delay may be presumed. Shannon v. General Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999). Accordingly, this factors weighs in favor of dismissal.

### c. Court Calendar Congestion

This Court's local rules (N.D.N.Y.L.R. 41.2) require it to dismiss a case or take other appropriate action if it appears that a litigant has failed to prosecute an action diligently. Shannon, 186 F.3d at 195. Plaintiffs have failed to articulate any reason for failure to prosecute this litigation or commence arbitration. The very purpose of Local Rule 41.2 is to alleviate court calendar congestion and ensure cases proceed in a timely manner. Considering the Court's calendar, the fact that this matter has been pending for two and a half years without any meaningful progress, the nature of the underlying action, and the fact that any substantive issues are to be resolved through the arbitration process, the Court finds that this factor also weighs in favor of dismissal. Shannon, 186 F.3d at 195.

### d. Notice

Another relevant factor considers whether Plaintiff was given notice that delay would result in dismissal. The Court finds that this factor weighs against dismissal. Although

this matter has languished for a substantial length of time, the November 2010 orders stayed this matter. It, therefore, was reasonable for Plaintiffs to believe they did not have to do anything to pursue this litigation. The Court will, however, provide Plaintiffs with the requisite notice. **Unless Plaintiffs undertake meaningful action to prosecute this matter within sixty days of the date of this Order, this case will be dismissed for failure to prosecute without further order of the Court**.

  e.  **Lesser Sanctions**

As noted, the Court finds that, due to notice concerns, dismissal is not warranted at this time. The Court is giving Plaintiffs sixty days to take meaningful action to prosecute this matter. In the event they fail to do so, this matter will be dismissed without further order of the Court.

**CONCLUSION**

For the foregoing reasons, the Court will reserve on Defendants' motion until May 28, 2013. **If there have been no meaningful efforts by Plaintiffs to prosecute this matter by May 28, 2013, then this matter will be dismissed without further order of the Court.**[1]

IT IS SO ORDERED.

Dated: March 19, 2013

Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] Because Mr. McIntosh is deceased, his claims cannot be prosecuted except by someone with proper legal authority to do so.

- 4 -